BELMONT IRON WORKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11552.  Promulgated November 21, 1927.

*John A. Selby, Esq.,* for the petitioner.
*L. C. Mitchell, Esq.,* for the respondent.

**OPINION.**

TRAMMELL: With respect to the reduction of invested capital on account of taxes for prior years, it appears that the action of the respondent is in accordance with section 1207 of the Revenue Act of 1926. His action in that regard is, therefore, approved.

The question of the computation of a tentative tax upon the income for the year in the determination of the amount of current earnings available for dividends has heretofore been determined adversely to the respondent. *L. S. Ayers & Co.*, 1 B. T. A. 1135.

It was contended by the respondent that under section 201 of the Revenue Act of 1918 any distribution by a corporation to its stockholders made during the first 60 days of any taxable year is deemed to have been made from earnings from profits accumulated during prior taxable years and that the surplus must be decreased by the

amount of such distributions as from the respective dates of such distributions. We agree with the respondent's contention.

In *W. E. Caldwell Co.* v. *Commissioner*, 6 B. T. A. 47, we said that a " cash dividend declared on February 1, 1918, payable on April 1, 1918, creates a debt due from the corporation to the stockholders immediately from the date of declaration, and under section 201(e) of the Revenue Act of 1918, the distribution must be deemed to have come out of prior years' earnings. * * * Invested capital should be reduced by the amount of the dividend as of the date of declaration, in accordance with section 326(d) of the same Act, without being affected by any earnings of the taxable year available for dividend purposes."

In determining invested capital for the years involved consideration should be given to the amount of tax due for the previous year as determined by the Board in the case of *Belmont Iron Works*, 6 B. T. A. 722.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by MORRIS, MURDOCK, and SIEFKIN.